RAFAEL GARCÍA SORIANO, Plaintiff and Appellee, v. HEIRS OF HARRY A. McCORMICK ET AL., Defendants and Appellants.

No. 4820. Argued June 5, 1929.—Decided July 23, 1929.

Carlos J. Torres and T. Bernardini de la Huerta for the appellants. Blondet & Campillo for the appellee.

Mr. Justice Texidor delivered the opinion of the court.

Rafael García Soriano sued the heirs of Harry A. Mc Cormick and his testamentary executors and alleged that Harry A. McCormick died in San Juan, P. R., on October 27, 1927, having left a will executed before Notary Juan Valldejuli, leaving as his heirs some of the defendants herein and appointing as testamentary executors the other defendants; that these executors are in possession of the estate of McCormick; that McCormick left to the plaintiff herein a legacy of $3,000; that the estate has considerable value, and that the executors are now, and ever since they took possession of the estate have been, able to pay to the plaintiff his legacy without detriment to the heirs and legatees, since the executors have at their disposal sufficient funds for this purpose; that the plaintiff has demanded from the executors the amount of the legacy which they refuse to satisfy and that the amount of the bequest is due, liquidated and enforcible.

Defendants Dolores Alcaide, Antonio S. Alcaide, Simón A. Alcaide, Carlos J. Torres and William A. McKingley filed a demurrer alleging lack of facts to constitute a cause of action on the ground that the estate was still in liquidation, that the payment of the legacy was conditioned by the testator and that there is an action of filiation pending. From the allegation made in a motion to reconsider and from admissions shown in the brief of the appellee, it appears that at the hearing of the demurrer the allegation that the complaint was premature was substituted for the other grounds alleged, which were clearly insufficient. On June 4, 1928, the court overruled the demurrer. A motion to reconsider this decision was denied. Then the aggrieved party, namely, the defendants who appeared, moved for judgment which was rendered by the court on October 24, 1928, and from that judgment the present appeal has been taken.

Three errors are assigned by the appellants. The first is thus formulated:

"The lower court erred in overruling the demurrer alleging insufficient facts to constitute a cause of action and in holding that the obligation claimed in the complaint is due and enforcible, and in rendering judgment directing the executors to pay the legacy, because the judgment thus rendered is contrary to the facts and the law."

In arguing this assignment the appellants raise several questions some of which must possibly be left out of consideration and go undetermined at this time because they are outside the scope of the demurrer and they are formulated as if there was in the record an answer raising issues of fact.

The appellants contend that the complaint by its averments only sets forth the question of the acquisition of the right to a legacy, but not the action to recover the same. They argue that according to section 859 of the Civil Code the legatee must request delivery of the legacy of the heir, or of the executor when the latter is authorized to give it.

The section of the Code above cited reads as follows:

"The legatee can not take possession of the thing bequeathed of his own authority, but must request its delivery and possession of the heir or of the executor, when the latter should be authorized to give it."

If the above provision is viewed in connection with the general theory of inheritance, and further still, with the general one of ownership, which does not allow even an owner to recover solely through his personal exertion and by force the possession or ownership unlawfully withheld by another, it will be noted that there is nothing in the provision but protection for the estate against forcible invasion. The section, however, can not be construed in the sense sought to be given to it by the appellants. It seems to be argued in effect that the executor can do nothing as to legacies without *previous authorization*. From whom should that authorization come? From the heirs? If so, the fact would have to be overlooked that there are cases in which the

entire estate is distributed in legacies (section 865 of the Civil Code), in which event the authorization would never come, there being no one to give it.

It seems to us that all pertinency has been withdrawn from other statutory provisions which are important and greatly so in the present case. We refer to sections 876 and 877 of the Civil Code. These sections provide as follows:

"Sec. 876. Should the testator not have specially determined the powers of the executors they shall have the following:

"1. To dispose and pay the suffrages and funeral expenses of the testator in accordance with the provisions made by him in his will and, in their absence, according to the customs of the town.

"2. To pay, with the knowledge and consent of the heir, the cash legacies.

"3. To carefully see to the execution of the other provisions of the will and maintain, when just, its validity in and out of court.

"4. To take the necessary precautions for the preservation and custody of the property, with the intervention of the heirs who may be present.

"Sec. 877. Should there not be in the estate cash enough for the payment of the funeral expenses and legacies, and the heirs should not contribute from their own funds thereto, the executors shall sell the personal property; and should the proceeds therefrom not be sufficient, the real property shall be sold, with the intervention of the heirs.

"If a minor, absentee, corporation, or public institution should have any interest in the estate, the sale of the property shall take place with the formalities prescribed by law for such cases."

There is no doubt that, as far as the payment of cash legacies is concerned, the authority of the executors is broader than in other respects; but it is undeniable that without the knowledge and consent of the heirs he can not validly pay such legacies. In the complaint in the present case there is no allegation on this point. It is true that the heirs were also made defendants; but we do not find in the complaint any direct allegation as against them or any intimation that they have refused to give their consent to the payment of the legacy. This is the essential allegation which in our

opinion is missing from the complaint. The others appearing therein are proper in the action brought.

It has been argued by the appellants that executors have the statutory term of one year and an extension in a proper case to fulfill their office. But the fact must not be overlooked that such office is not confined to the payment of cash legacies but that there are other duties and that the statute refers to all of them. The appellees argue in the present case that the law has made it compulsory for the executor to perform his duties *within the year,* but this does not necessarily mean that the full term must be used.

We do not think that the obligations of the executors are of the kind to be performed on a day certain or conditioned by a term. The obligation to pay the legacy in cases similar to the present one is not conditional or limited. It is an obligation originating in the law and to which it is somewhat difficult to apply the words "the fulfilment of which has been fixed for a day certain" of section 1092 of the Civil Code, which seem to have been intended for contractual obligations.

In the absence of the essential allegation of knowledge and consent of the heirs or of their refusal to the payment of the legacy, the demurrer should have been sustained.

The determination of this point would suffice for this decision, did it not seem advisable to say something in regard to the payment of interest. We understand that it refers to legal interest from the filing of the complaint. In this respect the judgment is consistent with the law and the jurisprudence. (See *Civico* v. *Rodríguez,* 4 P.R.R. 296, and *Aboy, Vidal & Co.* v. *Garófalo et al., ante,* p. 678.)

The judgment appealed from must be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.